## Shoe, Appellant, *v.* Ziegler, Exr.

*Partnership—Mortgage—Purchase at sheriff's sale—Trust.*

Plaintiff and defendant's testator were partners.   The son of defendant's
testator, an employee of the firm, became a defaulter, and the firm ob-
tained a judgment against him for the sum which he had appropriated.
Prior to the defalcation, and at a time when the son was solvent, he con-
veyed certain real estate which he owned to his wife, subject to a build-
ing association mortgage.   After the defalcation, but before judgment
was obtained by the firm, the son and his wife executed a mortgage to
defendant's testator on the same property.   Subsequently, and after the
judgment was entered against the son, the building association proceeded
on its mortgage and the real estate covered by it was sold at sheriff's sale,
and bought in by defendant's testator to protect his mortgage.   The sale

discharged the lien of the firm's judgment. *Held,* that defendant's testator had the right to purchase the property at the sheriff's sale, and take title thereto clear of any trust in favor of the firm.

Argued Jan. 3, 1894. Appeal, No. 369, Jan. T., 1894, by plaintiff, Bonaparte Shoe, surviving partner of the firm of Shoe & Chard, from decree of C. P. No. 1, Phila., March T., 1890, dismissing bill in equity against Eugene Ziegler, executor of William Chard, Sr., deceased. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.

Bill for account of rents and profits of real estate.

The master reported the facts as follows :

" This suit was commenced by a bill filed by Bonaparte Shoe, surviving partner of the firm of Shoe & Chard, against Eugene Ziegler, ' executor of the estate of William Chard, Sr., deceased,' which decedent was the other partner, praying that certain real estate, to wit, the premises Nos. 1908, 1910 and 1912 Mercer street, in this city, be decreed partnership assets, and that an account of the rents thereof be stated, a receiver appointed, an order of sale of said premises made, and the proceeds of such sale distributed as partnership assets, and that an injunction be granted, staying any sale mortgaging or incumbering said property. Although the plaintiff failed to prove some of the averments in his bill, there was little real dispute as to most of his allegations.

" The master finds as follows : Bonaparte Shoe and William Chard, Sr., were in partnership for a number of years, carrying on the business of repairing vessels, at Camden, N. J., until July, 1885, when the affairs of the firm were wound up.

" At the beginning of the year 1880, they took into their employment William Chard, Jr., who was a son of one of the partners, and who, for some time afterward, occupied a position of responsibility and trust with the firm. Prior to his said employment, on August 23, 1879, William Chard, Jr., had purchased the premises in question, the deed therefor having been recorded August 25, 1879.

" He obtained a loan from the Richmond Mutual Building Association, and executed a mortgage to them for $1,600 which is dated Jan. 24, 1880, and was forthwith recorded ; a bond of indemnity in $300 was also given at the same time to secure

said loan.   On Feb. 5, 1880, the said premises were conveyed by William Chard, Jr., and wife, to Charles F. McCoy, who the same day conveyed them to Mary E. Chard, wife of William Chard, Jr. ; both of these deeds were duly recorded.

" In the month of July, 1883, William Chard, Jr., was discharged from the employment of the firm, having been charged with embezzlement, and on August 26, 1883, he was arrested. On Oct. 2, 1883, an action was commenced by a capias in the Court of Common Pleas No. 4, of this county, to Sept. T., 1883, No. 334, by the firm of Shoe & Chard, against William Chard, Jr., to recover the moneys appropriated by the latter. On Feb. 27, 1884, William Chard, Jr., was tried in Camden county, New Jersey, for embezzlement, and the jury disagreed.

" On May 22, 1884, William Chard, Jr., and Mary E., his wife, executed a mortgage to William Chard, Sr., to secure the sum of $500, money advanced or loaned by the father to the son, stated by one witness to be for the payment of counsel fees in the criminal proceedings in New Jersey against the son, by another witness for the payment of the fines of $500 imposed by the Camden court.   There is no evidence that this was not given for valuable consideration, and that it represented a like sum advanced or loaned by the father to the son.

" On June 24, 1884, William Chard, Jr., was again tried in Camden county, and convicted, and sentenced to pay a fine of $500.

" On May 10, 1886, a verdict for $3,000 was obtained in the action in Court of Common Pleas, No. 4, above referred to, by the firm of Shoe & Chard, against William Chard, Jr.

" On September 30, 1886, the building association commenced proceedings on the mortgage, and on December 6th of the same year, the premises were sold under said proceedings, at sheriff's sale, to William Chard, Sr., for $1,450, to whom the sheriff conveyed them.

" On December 17, 1888, William Chard, Sr., died, having made a will, dated January 21, 1886, in which he devised the residue of his estate to his executors, exonerated his children from advancements made them, and directed his executors to invest the sum of $6,000 and pay the interest thereof, clear of all debts, etc., to his son, William Chard, Jr., during life, this being the only interest which the son has under said will.

" On January 13, 1890, an attachment execution was issued in said action in Common Pleas, No. 4, against money in hands of the executors of said will belonging to William Chard, Jr."

The master found that the bill was without equity and should be dismissed.

Exceptions to the master's report were dismissed.

*Error assigned* was dismissal of exceptions and confirmation of report, not quoting exceptions.

*Henry R. Edmunds*, for appellant, cited: Parsons, Part. 223; 1 Lewin, Trusts, p. 396; Lindley, Part. 309; Forrer v. Forrer, 29 Gratt. 134; Kinsman v. Parkhurst, 18 How. 289; Washburn v. Washburn, 23 Vt. 576; Nicholson v. Janeway, 1 Green (N. J.) 285 : Featherstonhaugh v. Fenwick, 17 Vesey, 298 ; Betts v. June, 51 N. Y. 274; Weaver v. Wible, 25 Pa. 270; Duff v. Wilson, 72 Pa. 442; Dickey's Appeal, 73 Pa. 247; Lloyd v. Lynch, 28 Pa. 419; Parshall's Appeal, 65 Pa. 224; Aultman's Appeal, 98 Pa. 505; Gibson v. Winslow, 46 Pa. 380; Black v. Nease, 37 Pa. 433; Mullen v. Wilson, 44 Pa. 413; Williams v. Davis, 69 Pa. 21 ; Winter v. Walter, 37 Pa. 155 ; Thomson v. Dougherty, 12 S. & R. 448.

*E. O. Michener*, for appellee, not heard.

PER CURIAM, January 15, 1894:

In advancing money for the benefit of his son and securing the same by mortgage, etc., defendant's testator, William Chard, Sr., did no wrong to the plaintiff or any one else. As bona fide holder of the security, he had an undoubted right to purchase the property in question at the sheriff's sale and take title thereto in fee clear of any trust. There is nothing in the entire transaction to indicate anything like bad faith towards the plaintiff or the firm of which he is surviving partner.

The learned master's findings of fact are clearly correct, and fully warrant his general conclusion " that the bill is without equity " and should be dismissed. An examination of the record has satisfied us that there was no error in dismissing the exceptions and confirming his report.

Decree affirmed and appeal dismissed with costs to be paid by the appellants.